UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BARBARA GAMBILL, et al., | : | NO. 1:06-CV-00724 |
| | : | |
| Plaintiffs, | : | |
| v. | : | **OPINION AND ORDER** |
| | : | |
| | : | |
| DUKE ENERGY CORP., | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant's 12(b)(6) Motion for Partial Dismissal of Plaintiffs' Complaint (doc. 6), Plaintiffs' Response in Opposition (doc. 8), and Defendant's Reply (doc. 12). For the reasons stated herein, the Court DENIES Defendant's Motion.


**I. BACKGROUND**

The following facts are drawn from the Plaintiffs' First Amended Complaint (doc. 5). Plaintiffs Barbara Fruehling Gambill ("Plaintiff Gambill") and Eric French ("Plaintiff French") are former employees of Defendant Duke Energy Corporation's ("Defendant") predecessor Cinergy Services, Inc. ("Cinergy") (Id.). Both Plaintiffs worked in Cinergy's legal department (Id.). Plaintiff Gambill was born on June 27, 1955, and had been a Cinergy employee for sixteen years at the time of her termination (Id.). Plaintiff French was born on January 29, 1955, and had been a Cinergy employee for twenty-nine years at the time of his

termination (<u>Id</u>.).

During late 2005 and early 2006 Defendant began the process of acquiring Cinergy (<u>Id</u>.). As a result, in January 2006, a large number of employees were offered severance packages in exchange for voluntary termination prior to the acquisition (<u>Id</u>.). In March 2006, this offer expired and affected employees could then elect to either sign an involuntary severance agreement and release of claims, or join a "transitional pool" and continue their employment for up to six months while they sought other positions within or outside company (<u>Id</u>.). Defendant informed employees that it would immediately terminate those in the transitional pool at the end of the six month period (<u>Id</u>.).

Neither Plaintiff took the voluntary severance package, but instead chose to interview within the company in hopes of obtaining a post-merger position (<u>Id</u>.). On January 13, 2006, Plaintiff Gambill interviewed with Paul Newton, an attorney with Duke Energy (<u>Id</u>.). Plaintiff Gambill states that during that meeting Newton told Plaintiff Gambill in no uncertain terms "that he wanted her to remain with the company" (<u>Id</u>.). Thereafter, on March 10, 2006, Catherine Stempien, the head of Defendant's litigation department, informed Plaintiff Gambill that there was no position for her with Defendant (<u>Id</u>.). Plaintiff Gambill states that at that time she replied that she would like to consult an attorney (<u>Id</u>.). Plaintiff Gambill's termination date was April 3,

2

2006, whereas other attorneys in Plaintiff Gambill's department were allowed to work 30-60 days until their termination (Id.). Plaintiffs contend that the replacement for Plaintiff Gambill, Julie Ezell, is substantially younger and less qualified (Id.). Plaintiff French was notified in March 2006, that he also would be terminated (Id.). Plaintiff French's termination date was July 31, 2006 (Id.). Plaintiffs contend that Plaintiff French was chosen for termination less than six months before he reached full eligibility for early retirement, while several significantly younger, less-experienced attorneys were retained by Defendant (Id.). Plaintiffs state that six of the seven terminated attorneys are over fifty years old (Id.).

In April 2006, Defendant provided Plaintiffs with a copy of its severance and release offer, requiring each of them to release their legal claims against Defendant to receive severance (Id.). As required by the Older Workers Benefit Protection Act ("OWBPA") whenever an employer asks a group of employees to release their claims under the ADEA, Defendant also gave Plaintiffs information about the ages and job positions of the employees being terminated (Id.). However, Plaintiffs contend that Defendants provided this information in an unorganized manner, and only on computer disk (Id.).

On February 6, 2007, Plaintiffs filed their Amended Complaint, alleging: (1) Age Discrimination in violation of the Age

Discrimination in Employment Act ("ADEA"); (2) Retaliation in violation of the ADEA; (3) Age Discrimination in violation of O.R.C. § 4112; (4) Retaliation in violation of O.R.C. § 4112; (5) Promissory Estoppel as to Plaintiff Gambill; (6) Breach of Ohio public policy; (7) Requesting declaratory judgment; (8) Requesting injunctive relief; and (9) alleging an Employee Retirement Income Security Act ("ERISA") violation as to Plaintiff French (doc. 5). Thereafter, on February 26, 2007, Defendant made the instant motion for partial dismissal of Counts I, II, and IV though VIII of Plaintiffs' Amended Complaint (doc. 6).

## II.  APPLICABLE LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, Block v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998), and accept as true all the Complaint's factual allegations, Broyde v. Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994).  A court's decision to grant a motion to dismiss may not be based upon a disbelief of the Complaint's factual allegations.  Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995) (courts should neither weigh evidence nor evaluate the credibility of witnesses).  Instead, in its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion.  Scheuer v. Rhodes, 416 U.S. 232, 236,  94 S.Ct. 1683, 1687

4

(1974)(overruled on other grounds).  Indeed, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The question before the Court considering a motion to dismiss is "not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

        The admonishment to liberally construe the plaintiff's claim when evaluating a Rule 12(b)(6) dismissal does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions.  Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969).  "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)(quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981)).  As the Supreme Court recently held in Bell Atlantic Corp. V. Twombly, ----U.S. ----, 127 S.Ct 1955 (2007), "a plaintiff's obligation is to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.  See also Ass'n

of Cleveland Fire Fighters, et al., v. City of Cleveland, et al.
2007 WL 2768285, *2 (6th Cir. 2007).  Additionally, the Court
stated that the complaint need not contain detailed factual
allegations, but its "[f]actual allegations must be enough to raise
a right to relief above the speculative level on the assumption
that all the allegations in the complaint are true." Id.

**III. ANALYSIS**

  Defendant moves the Court to dismiss Counts I, II, and IV
through VIII of Plaintiffs' First Amended Complaint pursuant to
Fed. R. Civ. P. 12(b)(6) (doc. 6).  The Court will address each
argument in turn.

  **A. Plaintiffs' EEOC Right to Sue Letters**

  Defendant first contends that Plaintiffs failed to meet
the basic procedural requirements necessary to assert their claims
of age discrimination and retaliation under the ADEA in Counts I
and II, respectively (Id.).  Defendant argues that prior to
initiating an ADEA action in federal court "a plaintiff must be in
receipt of a statutory notice of the right to sue" from the Equal
Employment Opportunity Commission ("EEOC") (Id., citing Canady v.
Klaiber, 2007 U.S. Dist. LEXIS 1419, *7-8 (N.D. Ohio 2007)).  While
Defendant acknowledges that Plaintiff Gambill received the
requisite letter, they contend that because Plaintiff French has
not, his ADEA claims should be dismissed (doc. 12).

A right-to-sue letter is not a jurisdictional prerequisite to suit in federal court, but rather a condition precedent. <u>Portis v. State of Ohio</u>, 141 F.3d 632, 634 (6th Cir. 1998), <u>Parry v. Mohawk Motors of Michigan</u>, 236 F.3d 299 (6th Cir. 2001). "Accordingly, the requirement of obtaining a right-to-sue letter may be waived by the parties or the court." <u>Parry</u>, 236 F.3d at 309. Where a plaintiff produces a right-to-sue letter at some point after filing an action in federal court, the Sixth Circuit has found that dismissal is not warranted. <u>Id.</u>; <u>Portis</u>, 141 F.3d at 634; <u>Madden v. Chattanooga City Wide Service Department</u>, 2007 WL 1624093 (E.D. Tenn.). It is clear that Plaintiff Gambill obtained a right-to-sue letter from the EEOC, and therefore dismissal is not appropriate on this basis. Further, Plaintiffs' counsel represented to the Court during the preliminary pretrial conference that Plaintiff French has also received his right-to-sue letter. Taking counsel at her word, the Court finds dismissal is not proper for this Defendant either.

**B. Retaliation Claims**

Defendant next argues that Plaintiffs' retaliation claims under both federal and state law in Counts II and IV should be dismissed for failure to establish a <u>prima facie</u> case (doc. 6). A <u>prima facie</u> case for an age discrimination retaliation claim asserted under either state or federal law is established through the <u>McDonnell Douglas</u> burden-shifting analysis. <u>Nguyen v. City of</u>

7

Cleveland, 229 F.3d 559, 563 (6th Cir. 2000).  To establish a prima facie case of retaliation under the McDonnell Douglas framework, a plaintiff must prove (1) that she engaged in protected activity; (2) that the exercise of plaintiff's rights was known to the defendant; (3) that plaintiff was the subject of an adverse employment action; and (4) that a causal link existed between the protected activity and the adverse action.  Id.

Defendant first argues that neither Plaintiff sufficiently alleges that they engaged in a "protected activity" prior to their termination (doc. 6).  Defendant states that Plaintiff French makes nothing more than a conclusory allegation which the Court is not required to construe in his favor (Id., citing Havens-Tobias v. Eagle, 127 F.Supp. 2d 889, 894 (S.D. Ohio 2001)).  Further, Defendant argues Plaintiff Gambill's allegation that she told Defendant that she wanted to consult an attorney when informed of her termination does not constitute a protected activity under the ADEA (Id., citing among others, Booker v. Brown & Williamson Tobacco Co., 879 F.2d 1304, 1313 (6th Cir. 1989) for the proposition that not all oppositional activity is protected activity).  Finally, Defendant argues that neither Plaintiff can show that they were subject to an adverse employment action (Id.).

In response, Plaintiffs argue that they need only satisfy the standard articulated in Conely v. Gibson, 355 U.S. 41, 47 (1957), that the complaint "need only give fair notice of what the

8

plaintiff's claim is and the grounds upon which it rests." Plaintiffs argue they have met this burden in that both Plaintiffs allege that Defendant immediately retaliated against them for investigating whether they had claims for age discrimination by interfering with their ability to seek legal advice (doc. 8). Further, Plaintiffs argue that Plaintiff Gambill specifically alleged that she engaged in protected activity by informing Defendant that she needed to seek legal advice to determine whether Defendant was terminating her unlawfully for age and then alleged Defendant retaliated against her when she was terminated weeks earlier than other employees (Id.).

Having reviewed this issue, the Court finds Defendant's contention that Plaintiffs' complaint must establish the elements of a prima facie case under the McDonnell Douglas framework incorrect. In Swierkiewicz v. Sorema, 534 U.S. 506 (2002), the Supreme Court held that a plaintiff who asserted federal employment discrimination claims was not required to plead facts establishing a prima facie case to state a claim for relief. See also Lindsay v. Yates, 2007 WL 2316626 (6th Cir. 2007); Neineier v. Wynne, 2007 WL 2326880, *5 (S.D.Ohio Aug 10, 2007); Witte v. Rippe & Kingston Systems, Inc., 358 F.Supp.2d 658, 663(S.D.Ohio Feb 28, 2005).[1] The

---

[1] The Sixth Circuit recently addressed the viability of the Swierkiewicz holding in light of the Supreme Court's decision in Twombly, and found that "[b]ecause the Supreme Court majority distinguished Swierkeiwicz and nowhere expressed an intent to overturn it, we have no basis for concluding that Swierkiewicz is

Court reasoned "[t]he prima facie case under McDonnell Douglas...is an evidentiary standard, not a pleading requirement." 534 U.S. at 510. Under Swierkiewicz, a plaintiff satisfies her pleading burden by drafting "a short and plain statement of the claim" consistent with Federal Rule of Civil Procedure ("FRCP") 8(a). Id. at 508. As long as the complaint "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests" the complaint must be upheld. Id. at 512.

Applying this standard, the Court finds that Plaintiffs have provided fair notice to Defendant of their claims for retaliation under the ADEA and state law, as well as the grounds upon which their claims rest, that is the dissemination of the OWBPA information and Plaintiff Gambill's conversation about her wish to seek legal advice and her subsequent early termination. Because Plaintiffs have satisfied the pleading requirements of FRCP 8(a) the Court finds dismissal is not proper for these claims.

### C. Plaintiff Gambill's Promissory Estoppel Claim

Defendant's next argument is that Plaintiff Gambill has failed to state a claim for promissory estoppel in Count V (doc. 6). Under Ohio law, the elements of promissory estoppel are: (1) a clear, unambiguous promise; (2) reliance upon the promise by the

---

no longer good law. Moreover...in Erickson v. Pardus, ---- U.S. ----, 127 S.Ct. 2197 (2007), decided after Twombly, the Supreme Court reaffirmed that Rule 8(a) 'requires only a short and plain statement of the claim showing that the pleader is entitled to relief.' Id. At 2200." Lindsay, 2007 WL 2316626 at F.N. 6.

person to whom the promise is made; (3) the reliance is reasonable and foreseeable; and (4) the person claiming reliance is injured as a result of reliance on the promise. <u>Jelinek v. Abbott Labs</u>, 2001 Ohio App. LEXIS 4055, 12-13 (Ohio Ct. App. 2001). Defendant argues that when promissory estoppel is asserted in the context of an employment relationship, "an employee must demonstrate that she received a specific promise of continued employment upon which she relied to her detriment" (doc. 6, <u>quoting</u> <u>Corradi v. Soclof</u>, 1995 Ohio App. LEXIS 2162 (Ohio Ct. App. 1995)). Defendant contends that Plaintiff Gambill is unable to show she was promised employment for a specific term (<u>Id</u>.). Defendant further argues that Plaintiff's reliance on Defendant's alleged statement cannot be reasonable under the promissory estoppel standard (<u>Id</u>., <u>citing</u> <u>Pertz v. Edward J. Debartolo Corp</u>., 188 F.3d 508 (6th Cir. 1999)).

In response Plaintiff Gambill maintains that she alleged two separate occasions where Defendant made a clear promise of continued employment (doc. 8). Plaintiff argues that this representation is sufficient to survive the motion to dismiss (<u>Id</u>.).

After reviewing the Amended Complaint, the Court agrees. As stated above,"[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Hishon</u>, 467 U.S. at 73. Here, facts could be proved consistent with Plaintiff

11

Gambill's allegation to show that Defendant made a clear, unambiguous promise of continued employment. Therefore, the Court denies Defendant's motion to dismiss Plaintiff Gambill's promissory estoppel claim.

### D. Public Policy Claims

Defendant claims that because Plaintiffs' age discrimination and retaliation claims should be dismissed, so should their public policy claim in Count VI (doc. 6, Citing Brown v. Renter's Choice, Inc., 55 F. Supp. 2d 788 (N.D. Ohio 1999)). However, because the Court did not find dismissal proper on these claims, dismissal is not warranted for Plaintiffs' public policy claim in Count VI.

### E. Equitable Relief

Finally, Defendant states that Plaintiffs failed to plead facts demonstrating that they are entitled the declaratory and injunctive relief under the ADEA that they seek in Counts VII and VIII of the Amended Complaint (doc. 6). In Counts VII and VIII, Plaintiffs assert claims for declaratory and injunctive relief regarding Defendant's discriminatory employment policies and practices and an injunction requiring Defendant to "redistribute the severance offers with a revised and reorganized version of the required employee information" (Id.). Parties seeking equitable relief in federal court with respect to ADEA claims "must satisfy the threshold requirement imposed by Article III of the

Constitution by alleging an actual case or controversy." <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101-103 (1983). The elements required to demonstrate an actual case or controversy are: "(1) an injury in fact that is concrete and particularized; (2) a connection between the injury and the conduct at issue- the injury must be fairly traceable to the defendant's action; and (3) likelihood that the injury would be redressed by a favorable decision of the Court." <u>Airline Professionals Association of the International Brotherhood of Teamsters, Local Union No. 1224 v. Airborne, Inc.</u>, 332 F.3d 983, 989 (6th Cir. 2003). "Failure to establish any one of [these] elements deprives the Court of jurisdiction to hear the suit." <u>City of Cleveland v. State</u>, 2006 U.S. Dist. LEXIS 1083, 15-17 (D. Ohio 2006) (<u>citing</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992)).

Defendant argues that Plaintiffs cannot establish the third element, that there is a likelihood that the injury would be redressed by a favorable decision of the Court (doc. 6). Defendant contends that this element is only satisfied where it is alleged that Plaintiffs are likely to suffer future injury or that there is "a real and immediate threat that the action complained of would be repeated." <u>Lyons</u>, 461 U.S. at 105.

In response, Plaintiffs argue that they have properly pled facts demonstrating they are entitled to equitable relief (doc. 8). Plaintiffs contend that the injury, presumably being

13

without revised and reorganized version of the required OWBPA information, is necessarily ongoing and can only be redressed by the action requested (Id.).

The Court finds that Plaintiffs pleadings sufficiently allege grounds for equitable relief.  The Sixth Circuit recently addressed the issue of standing for equitable relief in Warshak v. U.S., 490 F.3d 455, 465 (6th Cir. 2007), stating:

> Where a plaintiff seeks injunctive relief, a natural outgrowth of these factors requires a showing of ongoing injury or an imminent threat of future injury. See O'Shea v. Littleton, 414 U.S. 488, 495-96, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects."); but see Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) ("Past wrongs [are] evidence bearing on 'whether there is a real and immediate threat of repeated injury.' " (quoting O'Shea, 414 U.S. at 495-96, 94 S.Ct. 669)).

Reviewing Plaintiffs' complaint, the Court finds that it is possible that Plaintiffs could prove a set of facts supporting their allegations that the harm necessarily is ongoing.  Therefore, the Court denies Defendant's motion to dismiss Counts VII and VIII.[2]

IV.  CONCLUSION

---

[2] Defendant also argues that with the dismissal of Plaintiffs' federal law claims, the Court should not exercise jurisdiction over their state law claims.  The Court need not address this argument because the Court denies Defendant's motion for dismissal on Plaintiffs' federal claims.

14

For the foregoing reasons, the Court DENIES Defendant's Motion for Partial Dismissal of Plaintiffs' Complaint (doc. 6).


SO ORDERED.


Dated:  October 2, 2007          /s/ S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge