UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BARBARA GAMBILL, et al.,  :
                          :  NO. 1:06-CV-00724
     Plaintiffs,          :
                          :
                          :
  v.                      :
                          :  **OPINION AND ORDER**
                          :
DUKE ENERGY CORP.,        :
                          :
     Defendant.           :
                          :

This matter is before the Court on Plaintiffs' Motion for Reconsideration of Order Granting Summary Judgment (doc. 100), Defendant's Opposition thereto (doc. 101), and Plaintiffs' Reply in Support thereof (doc. 102). Plaintiffs have requested oral argument on the Motion (doc. 103). The Court has considered the submissions in support of and in opposition to the Motion and does not feel that oral argument will advance the issues presented therein. Plaintiffs' request for argument therefore is denied pursuant to Federal Rule of Civil Procedure 78. For the reasons indicated herein, the Court DENIES Plaintiffs' Motion (doc. 100).

**I. BACKGROUND**

This matter arises out of the termination of Plaintiffs' employment with Defendant. Defendant filed a motion for summary judgment seeking dismissal of Plaintiffs' claims related to their termination, and the Court granted that motion, finding that Plaintiffs had not created genuine issues of material fact

regarding their claims (doc. 98). Plaintiffs now move the Court to reconsider its decision regarding their state and federal age discrimination claims (doc. 100).

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) provides that a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e).

Rule 59(e) motions allow district courts to correct their own errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008). The decision of whether to grant relief under Rule 59(e) is left to the district court's sound discretion. In re Ford Motor Co. Securities Litigation, Class Action, 381 F.3d 563, 573 (6th Cir. 2004). Such a motion will generally be granted only if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). A Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but were not. Sault Ste. Marie Tribe of Indian Tribes v. Engler, 146 F.3d 367, 374 (6th Cir. 1998).

**III. DISCUSSION**

Plaintiffs contend that the Court's decision regarding

their age discrimination claims is based on legal error (doc. 100). Specifically, Plaintiffs read the Court's decision to be based on a conclusion that, because Plaintiffs cannot demonstrate that the reduction in force ("RIF") to which they were subject was itself pretextual, they therefore cannot demonstrate pretext as they must do in order to overcome Defendant's proffered legitimate non-discriminatory reason for terminating Plaintiffs' employment (Id.). This conclusion, Plaintiffs argue, is erroneous because the Court should not have looked to whether Plaintiffs showed that the RIF itself was pretextual but, instead, whether Plaintiffs showed that Defendant's decision to choose to terminate Plaintiffs in particular rather than younger employees was pretextual (Id.).

In addition, Plaintiffs contend that the Court improperly applied the Supreme Court's decision in Gross v. FBL Financial Services, Inc., 129 S.Ct. 2343 (2009). Specifically, Plaintiffs construe the Court's statement that "Plaintiffs here have failed to prove that age was the real reason for their termination" as evidence that the Court misread Gross as elevating the burden of proof in cases like Plaintiffs' (doc. 100). Gross did not, Plaintiffs contend, heighten the burden in pretext-based cases, and they argue the Court erred because it applied a heightened standard to their case (Id.).

In sum, Plaintiffs contend that they presented a genuine issue of fact as to whether Defendant's reason for terminating them

was pretextual and argue that because the Court applied the wrong legal standard it reached the wrong conclusion.

Defendant contends that Plaintiffs misread the Court's decision and that the Court did not find that Defendant is shielded from discrimination charges simply because it engaged in a RIF (doc. 101). Instead, Defendant asserts that it produced evidence demonstrating why it chose to terminate the individuals affected by the RIF, and argues that the Court's decision was informed by this evidence (Id.). In short, Defendant contends that the Court's decision was not based on legal error but, instead, was simply a decision with which Plaintiffs disagree. Regarding Gross, Defendant argues that the Court did not apply any kind of heightened standard and that the Court's decision comports not only with Gross but with a post-Gross decision of the Sixth Circuit, Geiger v. Tower Automotive, 579 F.3d 614 (6th Cir. 2009).

Regarding the issue of pretext, the Court does not find Plaintiffs' arguments persuasive. In its Opinion and Order, the Court found that Plaintiffs had succeeded in making their prima facie case of age discrimination but had not succeeded in demonstrating that Defendant's RIF, which resulted in Plaintiffs' termination, was pretextual (doc. 98). In reaching that decision, the Court thoroughly reviewed the record, including the pieces of evidence that Plaintiffs assert in the instant Motion prove pretext, and concluded that a reasonable jury could not come to the

conclusion that Defendant's RIF was a pretext for age-based animus (Id.). The Court notes that Plaintiffs now assert that the Court legally erred in its approach to this decision because the Court looked to whether Plaintiffs had adduced evidence sufficient to create a genuine issue regarding whether Defendant's RIF was pretextual when the Court, according to Plaintiffs, should have looked to whether Plaintiffs had adduced evidence sufficient to create a genuine issue regarding why Defendant chose them over younger employees to terminate. In contrast, in their oppositions to Defendant's Motions for Summary Judgment, Plaintiffs argued, for example, that a jury could "reject Defendant's articulated reason, a RIF, as pretext for discrimination..." (doc. 87). The Court questions the distinction Plaintiffs now try to assert and is certainly not persuaded that it has committed a clear error of law in its decision-making. If the issue is framed, as it was in the summary judgment briefings, as whether Plaintiffs adduced evidence adequate to demonstrate that the RIF itself was pretext for age-based discrimination or if it is framed, as Plaintiffs now argue it should be, as whether Plaintiffs adduced evidence adequate to demonstrate that Defendant's reasons for choosing Plaintiffs for termination were pretext for age-based discrimination, the Court would reach the same result. Plaintiffs did not adduce evidence creating a genuine issue of fact regarding whether Defendant actually terminated Plaintiffs' employment because of their age.

The Court engaged in a reasoned analysis of the record before it in reaching its conclusion, and the Court's decision that the record did not demonstrate that the RIF had no basis in fact, did not actually motivate the terminations, or was insufficient to warrant the terminations, necessarily encompassed an analysis into whether the reasons for choosing to terminate Plaintiffs in particular were actually pretext for age animus. To be clear, Defendant produced legitimate, non-discriminatory reasons for its decision to terminate Plaintiffs' employment, among them Plaintiffs' performance evaluations; Plaintiffs' abilities to fulfill the duties of newly created positions as contrasted with other employees; and a choice to follow the Duke business model. As evidence that these reasons were merely pretextual, Plaintiffs offered, for example, the statement of one of Plaintiff Gambill's clients that the client's input on Gambill's evaluation was not solicited (doc. 87). This, Plaintiffs have asserted, is evidence from which a jury could conclude that the performance evaluations upon which Defendant relied were flawed and that age, therefore, was the real reason for Plaintiffs' dismissal (Id.). But just as it is not the Court's role to substitute its judgment for management's judgment, neither is it a jury's role. See, e.g., Hedrick v. W. Reserve Care Sys., 355 F.3d 444, 462 (6th Cir. 2004). A decision regarding whom to solicit for input on any given evaluation or, for that matter, an employer's preference for one

employee over another, is not actionable and is not itself evidence that the real reason for the termination was discriminatory. See Geiger v. Tower Automotive, 579 F.3d 614, 625 (6th Cir. 2009), citing Browning v. Dep't of the Army, 436 F.3d 692, 696-97 (6th Cir. 2006)("[T]he employer's motivation, not the applicant's perceptions, or even an objective assessment [] of what qualifications are required for a particular position, is key to the discrimination inquiry."). The fatal flaw in Plaintiffs' case is that, while they produced their opinions and conclusions about why they were terminated, they did not produce evidence such that a jury could reasonably infer that they were actually terminated because of their age and that Defendant's reasons were mere pretext.

With respect to Plaintiffs' Gross argument, Plaintiffs have simply misconstrued the Court's application of that case. Indeed, the statement Plaintiffs point to as evidence of the Court having improperly imposed a heightened standard based on Gross did not come from Gross but, instead, was a reference to Geiger. It was Geiger, not Gross, that held that the plaintiff had failed to prove that age was the real reason for the adverse action, and it was to Geiger, not Gross, that the Court cited in its Opinion and Order for that proposition (doc. 98, citing Geiger, 579 F.3d at 626). In any event, the Court did not apply a heightened standard to Plaintiffs' case. Instead, the Court noted that the Supreme

Court recently emphasized that with age discrimination claims, the burden of persuasion remains on the plaintiff at all times to demonstrate that "age was the but-for cause" of the challenged action (doc. 98, citing Gross, 129 S.Ct. 2343). This did not result in the application of, or even the implication of, a heightened standard. Instead, the Court was compelled to discuss Gross in part to note that the mixed-motive approach, which Plaintiffs had argued was an avenue through which they could prevail (doc. 87), was no longer available to them and in part to highlight, not heighten, Plaintiffs' burden. This was not legal error.

**IV. Conclusion**

Having reviewed the Motion in light of Defendant's Response and Plaintiffs' Reply, the Court finds that its Opinion and Order was well-reasoned and there is no basis for reconsidering its decisions therein. For the foregoing reasons, the Court DENIES Plaintiffs' Motion to Reconsider (doc. 100).

SO ORDERED.

Dated: February 17, 2010  /s/ S. Arthur Spiegel  
S. Arthur Spiegel  
United States Senior District Judge